**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**CHRISTY REECH,** **PLAINTIFF**

**VS.** **No. 3:18-cv-35-HSO-LRA**

**GLEN SULLIVAN, SHELLEY SULLIVAN,**
**WARD'S OF SEMINARY, INC.,** **DEFENDANTS**

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL

Attorney William Most has made an unauthorized appearance in this case. Without being licensed in Mississippi or admitted *pro hac vice*, his name and electronic signature appear on a complaint that was filed on behalf of Plaintiff Christy Reech in this Court on January 17, 2018. *See* Doc. No. 1. He also executed notices and requests for waiver of service of process, directed them to Defendants Glen Sullivan, Shelley Sullivan, and Ward's of Seminary, Inc., and requested that they be returned to his attention. *See* Notice & Waiver Correspondence, Ex. A. Attorney Most's conduct warrants disqualification.[1]

## ARGUMENT & AUTHORITIES

The general rule governing legal practice before this Court is found in Local Rule 83.1(d)(2), which provides that a nonresident attorney must either be a member of the Mississippi Bar who is admitted to practice before the Mississippi

[1] The Mississippi Supreme Court has spoken unequivocally about the penalty for an unauthorized appearance: "[T]he consequences of an unauthorized appearance in a Mississippi case would be for a court to deny [the attorney's] right to appear, possibly cite him for contempt, and refer the matter to the disciplinary counsel of the Mississippi Bar for appropriate action under Mississippi Code Section 73–51–1." *See Estate of St. Martin v. Hixson*, 145 So.3d 1124, 1137 (Miss. 2014).

Supreme Court or be admitted *pro hac vice*. The corollary rule is Local Rule 83.1(d)(7)(E), which provides that *pro hac vice* "admission <u>should be denied</u> [if] the applicant ha[s], <u>before</u> the application, filed or appeared in the federal court without having secured approval under these rules."

Despite not being a member of the Mississippi Bar, and despite not being admitted *pro hac vice*, Attorney Most's name, contact information, and electronic signature appear on Reech's complaint. *See* Doc. No. 1 at p.14. Attorney Most also executed this Court's official notice and waiver documents and requested that Defendants return them to his attention. *See* Notice & Waiver Correspondence, Ex. A. The complaint says "*pro hac vice* to be filed[,]" but such a maneuver violates the Local Rules. Again, Rule 83.1(d)(7)(E) provides that *pro hac vice* "should be denied" when a non-resident attorney has failed to secure admission <u>before</u> "fil[ing or appear[ing]" in the case.

Mississippi has long adhered to the policy underlying the plain language of Rule 83.1. Over 15 years ago, the Mississippi Supreme Court affirmed the denial of a *pro hac vice* request and issued the following warning: "[A]ttorneys are hereby noticed and cautioned that a foreign attorney will be deemed to have made an appearance in a Mississippi lawsuit if the foreign attorney signs the pleadings or allows his or her name to be listed on the pleadings." *See In re Williamson*, 838 So.2d 226, 235 (Miss. 2002); *see also* M.R.A.P. 46(b)(1)(ii) (providing that "'[a]ppearance' shall include the appending or allowing the appending of the foreign attorney's name on any pleading or other paper filed or served").

Beyond being simply a basis for denying *pro hac vice* admission, though, Attorney Most's conduct constitutes the unauthorized practice of law.[2] In the *Williamson* case, a non-admitted Virginia attorney's name and address were placed on the complaint under the name and address of a licensed Mississippi attorney. *See* 838 So.2d at 229-30. The court found the attorney to have engaged in the unauthorized practice of law and "refer[red] th[e] matter to the Mississippi Bar for further proceedings." *Id*. at 237. Similarly, in *Dinet v. Gavagnie*, 948 So.2d 1281, 1284 (Miss. 2007), the court found that a Louisiana attorney had "engaged in the unauthorized practice" when he signed pleadings without first being admitted *pro hac vice*. The court "remand[ed] th[e] issue to the trial court with instructions to notify the Louisiana State Bar of [the attorney's] unauthorized activity and for imposition of such other sanctions as the trial court deem[ed] proper" under Mississippi's rules. *See Dinet*, 948 So.2d at 5. Attorney Most's actions here are consistent with those of the attorneys in *Williamson* and *Dinet*.

In addition to violating the rules governing admission to practice before this Court, it is hard to ignore the content of the pleading in which Attorney Most made his appearance. Embedded within the complaint are pictures of private text

---

[2] Federal courts look to state law to determine what constitutes the unauthorized practice of law in the state where the federal court sits. *See, e.g., Isom v. Valley Forge Insurance Co.*, 2017 WL 6729968, *6 (5th Cir. Dec. 29, 2017) (relying on *In re Williamson* and Local Rule 83.5, which provides that "[a]n attorney who makes an appearance in any case in the district court is bound by the provisions of the MISSISSIPPI RULES OF PROFESSIONAL CONDUCT and is subject to discipline for violating them"); *see also Crews & Associates, Inc. v. City of Port Gibson, Miss.*, 2014 WL 6069320, *2 n.4 (S.D. Miss 2014) (noting that "[t]he Court draws on Mississippi's unauthorized practice of law jurisprudence to define 'legal services'"); *In re Futch*, 2011 WL 1884187, *3 (Bankr. S.D. Miss. 2011) (analyzing Mississippi Code § 73-3-55).

messages between the parties, which is an obvious attempt to place embarrassing material into the public record. *See* Doc. No. 1. Prior to filing this lawsuit, Attorney Most sent a demand letter that threatened to take Reech's "evidence to the press" if a monetary settlement was not reached.[3] *See* Excerpt of Demand Ltr., Ex. B. Further proceedings will show that the complaint mischaracterizes the parties' relationship as an employment one, but it is sufficient for purposes of this motion to highlight the documented motive behind this litigation.

This Court, in its discretion, may strike the complaint that includes Attorney Most's electronic signature. *See, e.g., In re Futch*, 2011 WL 1884187 at *3-4 (striking a motion drafted with the assistance of person engaged in unauthorized practice); *Mitchell v. Progressive Ins. Co.*, 965 So.2d 679 (Miss. 2007) ("[T]rial court was completely acting within its authority when it struck all pleadings and dismissed the case."). At a minimum, though, disqualification is warranted.

---

[3] In response to the demand letter, undersigned counsel sent Attorney Most the letter attached as Exhibit C. Tellingly, after receiving the response letter, Attorney Most indicated that he wished to "withdraw" Exhibit A. Some states have suggested that demand letters from non-resident attorneys <u>themselves</u> constitute an unauthorized practice of law. *See, e.g., In re Discipline of Lerner*, 197 P.3d 1067, 1074 (Nev. 2008) (finding that an Arizona attorney unlicensed in Nevada engaged in the unauthorized practicing of law and acknowledging "[s]pecific examples of activities found to constitute the practice of law include . . . preparing and signing demand letters"); *Birbrower, Montalbano, Condon & Frank v. Superior Court*, (Cal. 1998) ("The [non-resident] firm engaged in extensive unauthorized law practice in California[,]" including "ma[king] a settlement demand"); *but see Estate of St. Martin*, 145 So.3d at 1137-38 (acknowledging that "it is not unusual for some matters to be resolved through settlement before litigation commences, in which case an attorney would be able to fulfill his representation without ever making an appearance in court"). What is worse here, though, is that Attorney Most's demand letter implicates Mississippi's extortion statute. *See* Response Ltr., Ex. C.

For these reasons, Defendants request that Attorney Most be disqualified from making any further appearances in this case and that this Court order any further relief it deems to be required or appropriate under governing law.

Dated: January 22, 2018.

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY: */s/G. Todd Butler*

G. Todd Butler, MB #102907
4270 I-55 North
Jackson, Mississippi 39211-6391
P. O. Box 16114
Jackson, Mississippi 39236-6114
Telephone: (601) 352-2300
Telecopier: (601) 360-9777

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that this document has been filed with the Clerk of Court, using the Court's ECF system, which provides service to all counsel listed on the docket in this case as of the date below.

Dated: January 22, 2018.

*/s/ G. Todd Butler*
G. Todd Butler