IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTY REECH,                                                    PLAINTIFF,

VS.                                    CIVIL ACTION NO.: 3:18-cv-35(HSO)(LRA)

GLEN SULLIVAN,
SHELLEY SULLIVAN,
WARD'S OF SEMINARY,
INC.,                                                          DEFENDANTS.

AND

GLEN SULLIVAN,
SHELLEY SULLIVAN,
WARD'S OF SEMINARY,
INC.                                    COUNTERCLAIM PLAINTIFFS

VS.

CHRISTY REECH                          COUNTERCLAIM DEFENDANT

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Glen Sullivan, Shelley Sullivan, and Ward's of Seminary, Inc. ("Defendants") file the following answer and affirmative defenses in response to Plaintiff Christy Reech's ("Plaintiff") complaint.  Defendants deny each and every allegation contained in the complaint, except those which are expressly admitted:

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim for which relief can be granted, in whole or in part.

### SECOND AFFIRMATIVE DEFENSE

Defendants plead all applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff did not exhaust her administrative remedies for some or all of her allegations, claims, or theories, those allegations, claims, or theories may not be pursued in this action.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery for any allegation, claim, or theory not included in a timely sworn charge of discrimination or not sued upon within 90 days of receiving an EEOC right-to-sue notice.  Plaintiff is barred from recovery against any party not named in a timely sworn charge of discrimination.

## FIFTH AFFIRMATIVE DEFENSE

Defendants plead the defenses of good faith and/or honest belief.

## SIXTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims are barred by the doctrines of collateral, equitable, and/or judicial estoppel and/or res judicata.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants plead after-acquired evidence.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to comply with her duty to mitigate her request for damages, her entitlement to which is expressly denied, such damages must be reduced.

PD.20309188.1

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff may not recover punitive damages, and Defendants affirmatively plead that an award of punitive damages would amount to a violation of the United States and Mississippi Constitutions.

**TENTH AFFIRMATIVE DEFENSE**

Defendants plead the exclusivity provisions of Mississippi's Worker's Compensation law.

**ELEVENTH AFFIRMATIVE DEFENSE**

While all of Defendants' decisions related to Plaintiff were taken for legitimate and nondiscriminatory reasons, Defendants affirmatively plead that, if it is found that their actions were motivated by both unlawful and lawful reasons, the lawful reasons alone would have induced Defendants to make the same decisions.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff seeks special damages, such damages have not been specifically stated.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants are entitled to an award of attorney's fees because this action is vexatious and was brought in bad faith.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants plead all statutory damage caps, including those applicable to requests for compensatory and punitive damages.

PD.20309188.1

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants plead the doctrine of unclean hands.

Without waiving any affirmative defenses, and reserving the right to assert further affirmative defenses as they become evident through discovery or further investigation, Defendants respond to the complaint as follows:

## I.     INTRODUCTION

1.     Defendants deny the allegations contained in paragraph one of the complaint.

2.     Defendants deny the allegations contained in paragraph two of the complaint.

3.     Defendants deny the allegations contained in paragraph three of the complaint.

4.     Defendants deny the allegations contained in paragraph four of the complaint.

5.     Defendants deny the allegations contained in paragraph five of the complaint.

6.     Defendants deny the allegations contained in paragraph six of the complaint.

7.     Defendants deny the allegations contained in paragraph seven of the complaint.

8.     Defendants deny the allegations contained in paragraph eight of the complaint.

9.      Defendants deny the allegations contained in paragraph nine of the complaint.

10.     Defendants deny the allegations contained in paragraph 10 of the complaint.

11.     Defendants deny the allegations contained in paragraph 11 of the complaint.

## II.      JURISDICTION AND VENUE

12.     The allegations in paragraph 12 of the complaint state legal conclusions for which no response is required.  To the extent a response is required, denied.

13.     The allegations in paragraph 13 of the complaint state legal conclusions for which no response is required.  To the extent a response is required, denied.

## III.     THE PARTIES

14.     The allegations contained in paragraph 14 of the complaint are denied for lack of sufficient information.

15.     Defendants deny the allegations contained in paragraph 15 of the complaint.

16.     Defendants deny the allegations contained in paragraph 16 of the complaint.

17.     Defendants admit the allegations contained in paragraph 17 of the complaint.

## IV.   <u>FACTS</u>

18.    Defendants deny the allegations contained in paragraph 18 of the complaint.

19.    Defendants deny the allegations contained in paragraph 19 of the complaint.

20.     Defendants admit the allegations contained in paragraph 20 of the complaint.

21.    Defendants deny the allegations contained in paragraph 21 of the complaint.

22.    Defendants deny the allegations contained in paragraph 22 of the complaint.

23.    Defendants deny the allegations contained in paragraph 23 of the complaint.

24.    Defendants admit the allegations contained in paragraph 24 of the complaint.

25.    Defendants deny the allegations contained in paragraph 25 of the complaint.

26.    Defendants deny the allegations contained in paragraph 26 of the complaint.

27.    Defendants deny the allegations contained in paragraph 27 of the complaint.

PD.20309188.1

28.     Defendants admit the allegations contained in paragraph 28 of the complaint.

29.     Defendants admit the allegations contained in paragraph 29 of the complaint.

30.     Defendants admit the allegations contained in paragraph 30 of the complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the complaint.

34.     Defendants deny the allegations contained in paragraph 35 of the complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the complaint.

PD.20309188.1

39.     Defendants deny the allegations contained in paragraph 39 of the complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the complaint.

42.     Defendants admit the allegations contained in paragraph 42 of the complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the complaint.

PD.20309188.1

50.    Defendants deny the allegations contained in paragraph 50 of the complaint.

51.    Defendants deny the allegations contained in paragraph 51 of the complaint.

52.    Defendants deny the allegations contained in paragraph 52 of the complaint.

53.    Defendants deny the allegations contained in paragraph 53 of the complaint.

54.    Defendants deny the allegations contained in paragraph 54 of the complaint, as characterized.

55.    Defendants deny the allegations contained in paragraph 55 of the complaint, as characterized.

56.    The allegations contained in paragraph 56 of the complaint are denied for lack of sufficient information.

57.    Defendants deny the allegations contained in paragraph 57 of the complaint.

58.    Defendants deny the allegations contained in paragraph 58 of the complaint.

59.    Defendants deny the allegations contained in paragraph 59 of the complaint.

PD.20309188.1

60.    The allegations in paragraph 60 of the complaint state legal conclusions for which no response is required.  To the extent a response is required, denied.

61.    Defendants admit the allegations contained in paragraph 61 of the complaint.

## V.    CLAIMS FOR RELIEF

### Count One – Violation of Title VII of the Civil Rights Act
### (All Defendants)

62.    Defendants' prior responses are adopted and incorporated in response to the allegations contained in paragraph 62 of the complaint.

63.    The allegations contained in paragraph 63 of the complaint call for a legal conclusion and therefore do not require a response.  To the extent that a response is required, the allegations are denied for incompleteness.

64.    The allegations contained in paragraph 64 of the complaint call for a legal conclusion and therefore do not require a response.  To the extent that a response is required, the allegations are denied for incompleteness.

65.    The allegations contained in paragraph 65 of the complaint call for a legal conclusion and therefore do not require a response.  To the extent that a response is required, the allegations are denied for incompleteness.

66.    The allegations contained in paragraph 66 of the complaint call for a legal conclusion and therefore do not require a response.  To the extent that a response is required, the allegations are denied for incompleteness.

PD.20309188.1

67.     The allegations contained in paragraph 67 of the complaint call for a legal conclusion and therefore do not require a response.  To the extent that a response is required, the allegations are denied for incompleteness.

68.     The allegations contained in paragraph 68 of the complaint call for a legal conclusion and therefore do not require a response.  To the extent that a response is required, the allegations are denied for incompleteness.

69.     The allegations contained in paragraph 69 of the complaint call for a legal conclusion and therefore do not require a response.  To the extent that a response is required, the allegations are denied for incompleteness.

70.     The allegations contained in paragraph 70 of the complaint call for a legal conclusion and therefore do not require a response.  To the extent that a response is required, Defendants admit only that Plaintiff is a woman.

71.     Defendants deny the allegations contained in paragraph 71 of the complaint.

72.     Defendants deny the allegations contained in paragraph 72 of the complaint.

73.     Defendants deny the allegations contained in paragraph 73 of the complaint.

74.     Defendants deny the allegations contained in paragraph 74 of the complaint.

PD.20309188.1

75.     The allegations contained in paragraph 75 of the complaint call for a legal conclusion and therefore do not require a response.  To the extent that a response is required, the allegations are denied.

76.     Defendants deny the allegations contained in paragraph 76 of the complaint.

### Count Two -- Intentional Infliction of Emotional Distress
### (All Defendants)

77.     Defendants' prior responses are adopted and incorporated in response to the allegations contained in paragraph 77 of the complaint.

78.     The allegations contained in paragraph 78 of the complaint call for a legal conclusion and therefore do not require a response.  To the extent that a response is required, the allegations are denied for incompleteness.

79.     Defendants deny the allegations contained in paragraph 79 of the complaint.

80.     Defendants deny the allegations contained in paragraph 80 of the complaint.

81.     Defendants deny the allegations contained in paragraph 81 of the complaint.

82.     Defendants deny the allegations contained in paragraph 82 of the complaint.

PD.20309188.1

## VI.    RELIEF REQUESTED

83.    Defendants deny that Plaintiff is entitled to the relief requested in paragraph 83 of the complaint, including subparagraphs (a) through (f), and further deny that Plaintiff is entitled to relief of any sort.

Consistent with the affirmative defenses and answers set forth herein, Defendants request that this action be dismissed, with all costs and fees taxed to Plaintiff.

## COUNTERCLAIM

### (JURY TRIAL REQUESTED)

1.    This counterclaim arises from Plaintiff/Counterclaim-Defendant Christy Reech's violations of Mississippi law.

## PARTIES

2.    According to Reech's complaint, she is a resident of Louisiana.

3.    Pursuant to Federal Rule of Civil Procedure 5, Reech may be served through this Court's ECF system.

4.    Defendants/Counterclaim Plaintiffs Glen and Shelley Sullivan are residents of Forrest County, Mississippi.

## JURISDICTION AND VENUE

5.     Jurisdiction and venue are proper in this Court, as there is a sufficient nexus between the complaint and this counterclaim.

## FACTS

6.    The Sullivans met Reech through the barrel racing circuit around 2013.

PD.20309188.1

7.     The Sullivans became friends with Reech and later with her husband.

8.     Glen helped Reech's daughter with her horsemanship at the Sullivans' home.

9.     In 2014, Reech and her daughter began staying overnight in the apartment above the Sullivans' home after the horse lessons concluded.

10.     Reech wanted her daughter to compete more, so she enrolled her daughter in a home-school program.

11.     At the beginning of 2015, Reech and her daughter practically moved into the Sullivans' apartment.

12.     Reech did not pay the Sullivans any rent for living in the apartment.

13.     One night per week, the Sullivans went for dinner and drinks.  The Sullivans referred to this as their "date night."

14.     After Reech moved into the Sullivans' apartment, she began attending the Sullivans' date night.  Reech did not pay for her own food or drinks.

15.     Shelley and Reech were close friends and exchanged private information with one another.  The two discussed the topic of sex and off-color jokes were made.  Often the two ladies corresponded by text message.

16.     Toward the end of 2016, long after Reech became a close friend to the Sullivans and long after Reech moved into the Sullivans' apartment, Reech began helping out at the Ward's restaurant in Laurel, Mississippi.

PD.20309188.1

17.     Reech did work for a catering business owned by her husband in Louisiana, but Reech indicated that the catering business was dwindling.  It was never intended that Reech's work at Ward's would be long-term.

18.     Shelley's and Reech's friendship did not end when Reech began performing work at Ward's.  The two continued to exchange private information with one another, just as they had done before.  Simply by way of example, Reech sent Shelley a text message on one occasion that said, "Hopefully you took care of that blowjob last night."

19.     Reech and her daughter also continued to live in the Sullivans' apartment, just as they had done before.

20.     At the beginning of 2017, Reech began working at the Ward's restaurant in Magee, Mississippi.

21.     Upon information and belief, Reech developed a relationship with a male customer who frequented the Magee Ward's.  On one occasion, Reech texted Shelley a screenshot of a Snapchat message that Reech exchanged with the customer.  On another occasion, Reech told Shelley that the customer had given her Kendra Scott jewelry that she did not know how she would be able to explain to her husband and daughter.

22.     Around June 2017, due to concerns about Reech's relationship with the Magee customer, Reech was moved to the Ward's restaurant in Seminary, Mississippi.

PD.20309188.1

23.     Despite the move, Reech continued to communicate with Magee employees.  Reech was specifically instructed on June 27, 2017 not to interfere at the Magee restaurant.  Reech was later told even more directly through a July 3, 2017 text message: "Christy do not communicate with Magee employees."

24.     Notwithstanding the instructions, Reech stayed overnight with a Magee manager after telling Shelley that she was staying with her brother.

25.     Reech's husband provided documentation to Shelley that verified Reech had lied.

26.     Reech's husband also sent Shelley text messages, which said that his wife "always wants to be the victim[,]" that she "can[n]ot speak the truth[,]" and that he does not trust her.

27.     Reech's work at Ward's in Seminary ended in July 2017.

28.     Reech filed a charge of discrimination with the EEOC, but the agency dismissed the charge without finding cause.

29.     In October 2017, the Sullivans were contacted by William Most, a Louisiana-based attorney.  Attorney Most indicated that he represented Reech.

30.     On November 18, 2017, Reech directed correspondence to the Sullivans through Attorney Most.  The correspondence included images of private text messages exchanged between Shelley and Reech that Reech and Attorney Most knew would embarrass the Sullivans.  Attorney Most indicated that Reech wanted a monetary settlement and that, if "things [were not] made right[,]" Reech would "take[ ] her evidence to the press[.]"

- 16 -

31.     On January 3, 2018, Reech directed a "draft complaint" to the Sullivans through Attorney Most.   Embedded within the draft complaint were pictures of private text messages exchanged between Shelley and Reech that Reech and Attorney Most knew would embarrass the Sullivans if filed in the public record.

32.     After Reech was unable to leverage a settlement, a civil complaint was filed on her behalf in this Court in January 2018.

33.     Attorney Most's electronic signature appears on Reech's complaint.

34.     Upon information and belief, all of Attorney Most's actions were authorized by Reech and taken pursuant to Reech's instructions.

35.     Upon information and belief, Reech made statements in the community to the effect of, "I'm going to own Ward's" and "I want that blond-headed b****'s head on a platter."

36.     Upon information and belief, Reech sent out group text messages containing false information about the Sullivans.

37.     Upon information and belief, Reech shared private information with friends and business acquaintances of the Sullivans.

38.      Upon information and belief, Reech provided false information to friends and business acquaintances of the Sullivans.

39.     The concerted actions of Reech and Attorney Most were inflicted with malice and in the spirit of wanton disregard, damaged the Sullivans' personal and professional reputations, caused the Sullivans to lose income, and resulted in the Sullivans suffering emotional distress and mental anguish.

## CLAIMS

### Violation of Mississippi Public Policy

40.    The Sullivans incorporate all prior factual allegations.

41.    Mississippi has a strong anti-extortion public policy, which is codified by statute.

42.    Mississippi Code § 97-3-82 forbids "attempts to obtain property of another or any award, favor, or advantage of any kind by . . . threatening . . . the public or private revelation of information not previously in the public domain for the purpose of humiliating or embarrassing the other person, without regard to whether the revelation otherwise constitutes a violation of a specific statute."

43.    Mississippi Code § 97-3-85 forbids "[t]hreats and intimidation [ ] by letter or notice."

44.    Mississippi has permitted civil relief for public policy violations.

45.    Reech is liable for violating Mississippi public policy.

### Civil Extortion

46.    The Sullivans incorporate all prior factual allegations.

47.    Mississippi courts have acknowledged civil relief for extortion.

48.    Reech is liable for civil extortion.

### Menace

49.    The Sullivans incorporate all prior factual allegations.

50.    Under Mississippi law, a threat made for the purpose of coercion constitutes the tort of menace.

PD.20309188.1

51.   Reech is liable for menace.

Outrage/Intentional Infliction of Emotional Distress

52.   The Sullivans incorporate all prior factual allegations.

53.   Under Mississippi law, extreme and outrageous conduct that goes beyond the bounds of decency constitutes the tort of outrage/IIED.

54.   Reech is liable for outrage/IIED.

Negligent Infliction of Emotional Distress

55.   The Sullivans incorporate all prior factual allegations.

56.   Under Mississippi law, a negligent act that evokes outrage or revulsion constitutes the tort of NIED.

57.   If Reech's conduct is deemed unintentional, she alternatively is liable for NIED.

Civil Conspiracy

58.   The Sullivans incorporate all prior factual allegations.

59.   Under Mississippi law, a civil conspiracy occurs when a combination of persons conspire for the purpose of accomplishing an unlawful purpose or a lawful purpose unlawfully.

60.   Reech is liable for civil conspiracy.

**PRAYER FOR RELIEF**

61.   The Sullivans request that, after their claims are heard by a jury, judgment be entered in their favor and that they be awarded (1) economic damages, (2) non-economic damages, (3) punitive damages, (4) declaratory/injunctive relief,

PD.20309188.1

(5) costs and expenses, (6) attorney's fees, and (7) such further relief as is deemed just and proper.

     Dated: March 29, 2018.

                Respectfully submitted,

                **PHELPS DUNBAR, LLP**


BY:  */s/ G. Todd Butler*

       G. Todd Butler, MB #102907
       4270 I-55 North
       Jackson, Mississippi  39211-6391
       P. O. Box 16114
       Jackson, Mississippi 39236-6114
       Telephone: (601) 352-2300
       Telecopier: (601) 360-9777
       ButlerT@phelps.com

       **COUNSEL FOR DEFENDANTS/COUNTERCLAIM PLAINTIFFS**

PD.20309188.1

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing *ANSWER AND AFFIRMATIVE DEFENSES*/COUNTERCLAIM with the Clerk of the Court, using the CM/ECF system, which sent notification to all counsel of record.

Dated: March 29, 2018.

*/s/ G. Todd Butler*
G. Todd Butler

- 21 -