IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHRISTY REECH,**                                                     **PLAINTIFF**

**VS.**                                                    **No. 3:18-cv-35-HSO-LRA**

**GLEN SULLIVAN, SHELLEY SULLIVAN,**
**WARD'S OF SEMINARY, INC.,**                                **DEFENDANTS**

## ORDER

Before the Court are Defendants' Motion to Disqualify Counsel [3] and the *Pro Hac Vice* Application of Attorney William Most [5]. Having considered the parties' submissions, reviewed the relevant legal authorities, and heard oral argument from counsel, the Court finds as follows.

## FACTUAL AND PROCEDURAL BACKGROUND

A civil complaint was filed on behalf of Plaintiff Christy Reech on January 17, 2018 [1]. Plaintiff is a Louisiana resident [1 at p. 3]. The complaint names three Defendants: Glen Sullivan, Shelley Sullivan, and Ward's of Seminary, Inc. [1]. The individual Defendants are alleged to reside in Mississippi, and the corporate Defendant is alleged to be in good standing in Mississippi [1 at p.3].

The electronic signatures of two attorneys appear on the complaint [1 at p.14]. Both attorneys, Jacqueline K. Hammack and William Most, list business addresses in New Orleans, Louisiana [1 at p.14]. Attorney Hammack is admitted to practice law in Mississippi, but Attorney Most is not admitted to practice law in Mississippi [1 at p.14]. There is a notation under Attorney Most's electronic signature that reads, "*pro hac vice* to be filed" [1 at p.14].

Two days after the complaint was filed, Attorney Most executed documents intended to be used in this litigation [3-1]. The first document is entitled "NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS" and includes Attorney Most's electronic signature and contact information [3-1]. As the name suggests, the notice explains to Defendants that a lawsuit has been filed and that Plaintiff requests that Defendants waive their right to service of process [3-1]. The notice specifically states that, "[i]f you return the signed waiver, I will file it with the court" [3-1]. The second document is entitled "WAIVER OF THE SERVICE OF SUMMONS" and includes a line designated for the "name of the plaintiff's attorney" [3-1]. Only Attorney Most's name appears on the line [3-1].

Attorney Most e-mailed both documents to Defendants' counsel [3-1]. The e-mail states, in pertinent part, that "my client instructed me to go ahead and get the case on file" [3-1]. The e-mail further states that "[y]ou can return the signed waiver forms to me via email" [3-1].

Defendants' counsel did not respond to Attorney Most's e-mail or return the waivers. Instead, on January 22, 2018, Defendants' counsel entered a limited appearance in this case "for the purpose of contesting an appearance made by Attorney William Most" [2]. That same day, Defendants filed a motion requesting that Attorney Most be disqualified [3].

Four days after Defendants filed their disqualification motion, Attorney Most applied to this Court for *pro hac vice* admission [5]. Defendants promptly objected to Attorney Most's application, and Plaintiff timely responded in opposition to

Defendants' disqualification motion [6-8]. Before Defendants filed their reply, Attorney Hammack re-sent notice and waiver documents to Defendants' counsel, this time including only her name rather than Attorney Most's name [9-1]. Defendants filed their reply on February 2, 2018, and this Court conducted an in-person hearing on February 8, 2018 [9; 2/9/2018 Text Entry].

## DISCUSSION

The general rule governing legal practice before this Court is found in Local Rule 83.1(d)(2), which provides that a nonresident attorney must either be a member of the Mississippi Bar who is admitted to practice before the Mississippi Supreme Court or be admitted *pro hac vice*. The corollary is Local Rule 83.1(d)(7)(E), which provides that *pro hac vice* "admission <u>should be denied</u> [if] the applicant ha[s], <u>before</u> the application, filed or appeared in the federal court without having secured approval under these rules." These rules raise two questions pertinent to the instant dispute: (1) whether Attorney Most made an unauthorized appearance in this case and, if so, (2) whether the unauthorized appearance should result in disqualification.

Although the Local Rules do not define the word "appearance," that word has a settled meaning under Mississippi law. Over 15 years ago, the Mississippi Supreme Court affirmed the denial of a *pro hac vice* request and issued the following warning to non-resident attorneys: "[A]ttorneys are hereby noticed and cautioned that a foreign attorney will be deemed to have made an appearance in a Mississippi lawsuit if the foreign attorney signs the pleadings or allows his or her name to be listed on

3

the pleadings." *See In re Williamson*, 838 So.2d 226, 235 (Miss. 2002).[1]  The warning also has been codified through MISSISSIPPI RULE OF APPELLATE PROCEDURE 46(b)(1)(ii), which provides that "'[a]ppearance' shall include the appending or allowing the appending of the foreign attorney's name on any pleading or other paper filed or served[.]"

Plaintiff does not dispute that the inclusion of Attorney Most's electronic signature on the complaint constitutes an "appearance" under the just-recited authority.  Instead, Plaintiff argues that an "appearance" means something different in Mississippi's federal courts than it does in Mississippi's state courts.  The Fifth Circuit recently addressed this same issue in *Isom v. Valley Forge Insurance Company*, 2017 WL 6729968 (5th Cir. Dec. 29, 2017).  There, the Fifth Circuit affirmed Judge Starrett's disqualification determination, which relied on the Mississippi Supreme Court's definition of "appearance" in the *In re Williamson* case. *See Isom*, 2017 WL 6729968 at \*6.  The Fifth Circuit supported its affirmance with an acknowledgement that this Court's Local Rules expressly incorporate the MISSISSIPPI RULES OF PROFESSIONAL CONDUCT.  *Id*.  Like the two non-

---

[1] Post-*Williamson*, the Mississippi Supreme Court repeatedly has stressed the seriousness of making an unauthorized appearance.  *See, e.g., Estate of St. Martin v. Hixson*, 145 So.3d 1124, 1137 (Miss. 2014) ("[T]he consequences of an unauthorized appearance in a Mississippi case would be for a court to deny [the attorney's] right to appear, possibly cite him for contempt, and refer the matter to the disciplinary counsel of the Mississippi Bar for appropriate action under Mississippi Code Section 73–51–1."); *Dinet v. Gavagnie*, 448 So.2d 1281, 1284-86 (Miss. 2007) (ordering that nonresident attorney be reported to Louisiana Bar); *Mitchell v. Progressive Ins. Co.*, 965 So.2d 685 (Miss. 2007) ("This Court finds that Wiedemann's violation of Mississippi Rule of Appellate Procedure 46 and Mississippi Rule of Civil Procedure 11, in attempting to file the December 5, 2005, complaint without being admitted *pro hac vice*, may merit discipline by the Mississippi and/or Louisiana State Bar.").

resident attorneys in *Isom* whose names appeared on the complaint, Attorney Most's name and electronic signature constitute an "appearance" in this lawsuit. *Compare* [1 at p.14] *with Isom,* 2017 WL 6729968 at *6.

Moreover, Attorney Most's participation in this litigation did not end when the complaint was filed. Attorney Most executed notices and requests for waiver of service of process, directed them to Defendants, and requested that they be returned to his attention [3-1]. The documents do not include the signature or contact information of Attorney Hammack [3-1]. Rather, they include only the signature and contact information of Attorney Most [3-1]. The documents specifically state that, "[i]f you return the signed waiver, I will file it with the court" [3-1]. Attorney Most made an "appearance" when he signed the complaint, but the notice and waiver documents show that additional unauthorized acts were made in furtherance of Plaintiff's complaint.

Having determined that Attorney Most made an unauthorized appearance in this case, the Court now turns to the penalty for having done so. The Court rejects Plaintiff's argument for the review standard that applies to disqualification motions in the attorney/conflict or attorney/witness contexts. The Fifth Circuit has explained that, in a *pro hac vice* situation, "district courts 'enjoy broad discretion to determine who may practice before them.'" *Isom*, 2017 WL 6729968 at *6 (quoting *United States v. Nolen*, 472 F.3d 362, 371 (5th Cir. 2006)). Importantly, how a district court utilizes its discretion must be guided by the correct legal standard. *See, e.g., Klier v. Elf Atochem N. Am., Inc.*, 658 F.3d 468, 474 (5th Cir. 2011) ("By definition, a district

court abuses its discretion when it makes an error of law or applies an incorrect legal standard.").

The Local Rules' use of the word "should" results in Attorney Most's mandatory disqualification from this case. *See* L.U.CIV.R. 83.1(d)(7)(E) (emphasis added) ("[A]dmission **should be denied** [if] the applicant ha[s], before the application, filed or appeared in the federal court without having secured approval under these rules."). Because no exceptions appear in the text of Local Rule 83.1(d)(7)(E), this Court declines Plaintiff's invitation to create what is not there. *Cf.* A. Scalia & B. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS § 8, p. 93 (2012) (explaining that courts should not "elaborate unprovided-for exceptions to a text" because, if the drafters "had intended to provide additional exceptions, [they] would have done so in clear language"). In a related context, the Fifth Circuit held that Application Note 6 of the Sentencing Guidelines imposed a mandatory requirement, despite the Note's failure to include the words "must" or "shall." *See United States v. Alexander*, 100 F.3d 24, 26-27 (5th Cir. 1996) (abrogated by the revised Sentencing Guidelines). *Alexander* relied on the same principle articulated by the previously-cited treatise, specifically stating that "[n]o qualifications or reservations are suggested" in the Note. *Id*. at 27. The same mandatory application rings true for Local 83.1(d)(7)(E).

Even if the Court were to consider Local Rule 83.1(d)(7)(E) as permissive, given the facts in this case and in light of caselaw, the results here would be the same. Plaintiff's oppositional response offers no valid justification for Attorney Most's

unauthorized appearance, and Plaintiff makes no attempt to explain Attorney Most's execution of the notice and waiver documents. This case, in the Court's view, involves greater unauthorized participation than the disqualifications that were rendered in *Isom*.

The Court recognizes that as a practical matter, attorneys often file the complaint with his or her name listed and noting that a motion to be admitted will be filed. In fact, as Plaintiff pointed out, this has been done numerous times by attorneys in Defendants' attorney's own law firm. There was certainly no attempt by Attorney Most to misrepresent his status to this Court. Motions to be admitted *pro hac vice* are normally granted in such cases but only because no party objects; the rule is considered waived. However, when an objection is made, the Court is reluctant to render the local rule meaningless. A ruling in Plaintiff's favor would amount to a judicial abolishment of the rule.

"The ability to appear *pro hac vice* is a privilege, not a right[.]" *See, e.g., Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 2016 WL 6125585, *2 (M.D. Fla. 2016). Allowance of the privilege is unwarranted here. Defendants' motion to disqualify [3] is **GRANTED**, and Attorney Most's *pro hac vice* application [5] is **DENIED**.

In addition to disqualification, Defendants request that Plaintiff's complaint be stricken from the record. Because Plaintiff's complaint was signed by Attorney Hammack, a lawyer admitted to practice in Mississippi, the Court declines to strike the complaint. *See, e.g., Dinet*, 448 So.2d at 1284-86 (Miss. 2007) (ordering that

nonresident attorney be reported to Louisiana Bar but reversing trial court's decision to dismiss case).  Defendants' strike request is **DENIED**.

**SO ORDERED**, this the 5th day of April 2018.

                                               S/ Linda R. Anderson
                                    UNITED STATES MAGISTRATE JUDGE